BLD-215                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1707
_____

IN RE:  ZBIGNIEW CICHY; ANIA NOWAK
                                                                          Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 2:10-cr-00633)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 26, 2014

Before: AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: March 27, 2014  )
_____

OPINION
_____

PER CURIAM

    Petitioners Zbigniew Cichy and Ania Nowak, husband and wife, seek a writ of

mandamus to compel the United States District Court for the District of New Jersey to

stay the criminal proceedings against them.  For the reasons that follow, we will deny the

petition.

Mandamus is a drastic remedy available only in the most extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). In order to obtain a writ of mandamus, a petitioner must demonstrate that (1) there are no other adequate means of obtaining the relief sought; (2) his or her right to the writ is "clear and indisputable"; and (3) "the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010).

Petitioners argue that a stay is necessary due to the District Court Judge's judicial misconduct, ineffective assistance of counsel, and the fact that they are being prosecuted without an indictment. They assert take that a stay is necessary to prevent continuing violations of their constitutional rights. Even if their allegations were supported by the record, Petitioners cannot satisfy the conditions for obtaining a writ of mandamus.[1] There is another adequate means for obtaining the stay, and that is to request one from the District Court. We are confident that the District Court would consider their request in due course. In any event, the issues identified by Petitioners are appropriately addressed on appeal and in collateral post-trial proceedings.

The record demonstrates that Petitioners have attempted to delay their criminal prosecution in every conceivable way since it began. They were first indicted in May, 2010, and have yet to proceed to trial. They were appointed counsel, then invoked their

---

[1] It is unclear whether Petitioners seek recusal, but to the extent that they do, nothing in their petition or in the record indicates that the District Court Judge's "impartiality might reasonably be questioned." See 28 U.S.C. § 455(a); In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

rights to self-representation, and then again requested counsel, only to ask that counsel be removed, at least four times each. They have also asked the District Court Judge to recuse himself three times, requested stays pending several interlocutory appeals, (C.A. Nos. 13-2675, 13-3157, 13-3802), and repeatedly resisted the District Court's order that they provide handwriting exemplars to the government.[2] This petition for a writ of mandamus seems designed to further delay the criminal proceedings.

Petitioners have not demonstrated the requisite extraordinary circumstances to justify issuing a writ of mandamus. In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378. We will, therefore, deny their petition.[3]

---

[2] Petitioners asked this Court to issue the writ on an emergent basis to prevent them from providing those exemplars on March 26, 2014. That date has now passed. We presume that they complied with the order.

[3] Petitioners' motion to amend their mandamus petition is granted.